978 F.2d 1254
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Milton Antonio ELIAS-JUAREZ, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-2382.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 2, 1992
Decided: November 4, 1992
 
 On Petition for Review of an Order of the Immigration and Naturalization Service.
 Carole Lynn Calder, ALLEN & PINNIX, for Petitioner.
 Norah Ascoli Schwarz, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, for Respondent.
 John L. Pinnix, ALLEN & PINNIX, for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, Richard M. Evans, Assistant Director, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, for Respondent.
 BIA
 AFFIRMED.
 Before RUSSELL and HAMILTON, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Milton Elias-Juarez appeals the decision of the Board of Immigration Appeals (Board) denying his applications for asylum and for withholding of deportation. Finding no error in the Board's decision, we affirm.
 
 
 2
 Elias-Juarez is a native and citizen of El Salvador. While in El Salvador he worked as a member of the Red Cross. The Immigration and Naturalization Service (INS) concedes that he suffered persecution as a result of that work. He illegally entered the United States at Brownsville, Texas in February 1984. Five years later, he was granted asylum. In April 1989, Elias-Juarez pled guilty to taking indecent liberties with a minor based on his molestation of his step-daughter from February 1989 through March 1989. As a result, the INS, after notice, revoked his asylum and ordered him to show cause why he should not be deported. Elias-Juarez conceded his deportability and filed a new application for asylum under 8 U.S.C. § 1158(a). He also sought withholding of deportation under 8 U.S.C. § 1253(h). The Immigration Judge (IJ) found that Elias-Juarez failed to prove a well-founded fear of persecution because he found that Elias-Juarez was not credible, and denied both applications. The Board disagreed that Elias-Juarez was not credible, but nevertheless affirmed the IJ's denial of EliasJuarez's applications on the grounds that: (1) he failed to prove a well-founded fear of persecution, (2) denial was warranted in the exercise of discretion based on the crime Elias Juarez committed, and (3) he was ineligible for withholding of deportation due to the serious crime he committed.
 
 
 3
 A grant of asylum under § 1158(a) is discretionary. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). Eligibility depends upon two factors: (1) the Attorney General's determination that an alien is a refugee as defined by 8 U.S.C.A. § 1101(a)(42)(A) and (2) the Attorney General's decision to exercise his discretionary authority to grant asylum. Id. at 428 n.5. The alien bears the burden of proof on these issues. Tarvand v. INS, 937 F.2d 973, 975 (4th Cir. 1991). Proceedings under § 1158(a) are reviewed under two separate standards-the substantial evidence standard is applied to Board decisions that applicants are not refugees under § 1101(a)(42)(A) and denials of asylum made after refugee status is established are reviewed for abuse of discretion. See Cruz-Lopez v. INS, 802 F.2d 1518, 1519 n.1 (4th Cir. 1986). A denial of the"withholding from deportation" remedy must be sustained if supported by substantial evidence. Young v. INS, 759 F.2d 450, 455-6 n.6 (5th Cir. 1985).
 
 
 4
 The Board declined to grant Elias-Juarez asylum, in part, because he failed to establish a well-founded fear of persecution if he returns to El Salvador. "The term 'well-founded fear' requires examination of both the subjective feelings of the applicant and objective reasons for the applicant's fear." M.A. A26851062 v. INS, 899 F.2d 304, 311 (4th Cir. 1990). Elias-Juarez must prove that a reasonable person in his circumstances would fear persecution if returned to his native country. Tarvand, 937 F.2d at 977.
 
 
 5
 Elias-Juarez's fear of persecution is based on his work for the Red Cross in El Salvador. The evidence showed Elias-Juarez was persecuted only because of his activity with the Red Cross in rendering aid to both sides of the political conflict. There was no evidence that he would be persecuted after he returned if he did not work for the Red Cross. Furthermore, there is no evidence that the guerrillas or the military sought him during his absence or have threatened or harassed his family in his absence. In short, there is no evidence that anyone is presently interested in persecuting him. It cannot be said, therefore, that the Board's decision in this regard was not based on substantial evidence or was an abuse of discretion. Also, given the serious crime to which Elias-Juarez pled guilty, it cannot be said that it was an abuse of discretion to deny asylum.
 
 
 6
 In order to show eligibility of withholding of deportation, EliasJuarez must meet a standard stricter than that unders 1101. Under § 1253, Elias-Juarez must show that his life or freedom would, "more likely than not, be subject to persecution on one of the specified grounds." INS v. Stevic, 467 U.S. 407, 430 (1984). Failure to meet the less stringent burden of proof required for asylum means that we need not decide whether he is eligible for withholding of deportation under 8 U.S.C.A. § 1253(h). See Rivera-Cruz v. INS, 948 F.2d 964, 969 (5th Cir. 1991). For the reasons expressed, we affirm the order of the Board.
 
 AFFIRMED